IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

ROBERT WILLIAM GOSWICK,             )
                                    )
        Petitioner,                 )
                                    )
vs.                                 )   Case No. CV-03-CO-1527-E
                                    )
WILLIE THOMAS, Warden, and the      )
ATTORNEY GENERAL OF THE STATE       )
OF ALABAMA,                         )
                                    )
        Respondents.                )

## MEMORANDUM OPINION

The magistrate judge filed his report and recommendation in the above-styled cause on November 20, 2003, recommending dismissal of the petition on the basis of the time bar found at 28 U.S.C. § 2244(d). The petitioner filed his objections to the report and recommendation on December 1, 2003, pointing out that the magistrate judge misconstrued the nature of the sentence imposed upon him. Although the court agrees with the petitioner that the magistrate judge misconstrued the sentence imposed on petitioner, it makes no difference in the outcome of the case, which remains time barred for the reasons explained in the report and recommendation.

Petitioner plead guilty to the offense of first-degree burglary, which, as a Class A felony under Alabama law, carries a sentencing range of not less than 10 years nor more than 99 years in prison. Petitioner's sentence, however, was further enhanced



under Alabama Code § 13A-5-6 for possession of a firearm or deadly weapon during the burglary offense. Under the enhancement, the minimum sentence he could receive was twenty years, which is what he received. The magistrate judge incorrectly noted that petitioner was not subject to an enhancement, but was sentenced to the statutory minimum for first-degree burglary. Insofar as the petitioner's objections raise this contention, the report and recommendation is rejected on this narrow point, and, rather, the court finds that petitioner was given an enhanced sentence of twenty years under § 13A-5-6.

Except for the narrow finding explained above, the court otherwise ADOPTS the report of the magistrate judge and ACCEPTS his recommendation that the petition be denied as time barred. There is no question that petitioner's conviction became final on October 30, 2000, when the time for an appeal expired and that he did not file a state post-conviction petition attacking the conviction until July 31, 2002, well more than a year later and long after the one-year limitation had expired. The limitation period having expired, this action is time barred and *habeas* relief is not available to him.

Further, even if the court were to address the merits of the petition, it is clear petitioner is not entitled to relief on the claim he emphasizes in the objections to the report and recommendation, namely that his guilty plea was not knowingly made

2

because he was confused over the range of sentencing to which he was exposed. Although he points out that some of the documents he executed at the time of his plea deny that he was subject to any enhancement in sentencing, it must be noted that the explanation of rights form he executed clearly advised him that he was subject to the enhancement of § 13A-5-6. Likewise, the trial judge explicitly advised him during the plea colloquy that he was subject to the enhancement and that his minimum sentence was twenty years, not ten. Petitioner stated he understood and proceeded to plead guilty. See Respondents Ex. H, pp. 20-21. In light of this record, the court could not find that petitioner's guilty plea was involuntary or unknowing, and he would not be entitled to relief on this claim even if the court considered its merits.

By separate order the court will dismiss the petition with prejudice.

DONE this the _12th_ day of December, 2003.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE